UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL PRICE II,<br><br>　　Plaintiff,<br><br>v.<br><br>LIFE TIME FITNESS, INC., et al.<br><br>　　Defendants. | Civil Action No. 16-5650<br>(MCA)(MAH)<br><br><br>REPORT AND RECOMMENDATION |

## I.　Introduction

This matter comes before the Court on the motion of Plaintiff Michael Price II ("Plaintiff") to remand this matter to the Superior Court of New Jersey, Essex County [D.E. 9]. Pursuant to Local Civil Rule 72.1, the Honorable Judge Madeline C. Arleo, United States District Judge, referred the motion to this Court for a Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court decided this motion without oral argument. For the reasons set forth below, the Undersigned respectfully recommends that the District Court grant Plaintiff's motion.

## II.　Background

On August 10, 2016, Plaintiff filed a Complaint and Demand for Jury Trial in the Superior Court of New Jersey, Law Division, Essex County ("Superior Court"). Not. of Removal at 24-46, D.E. 1. Plaintiff then filed a First Amended Complaint in the Superior Court on September 9, 2016. Id. at 47 to 69. The First Amended Complaint alleged, among other things, retaliation and

1

hostile work environment in violation of Title VII, 42 U.S.C. § 2000(e), and violations of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 et. seq. ("NJLAD"). [1] Id.

On September 16, 2016, Defendants removed the action to this Court. The Notice of Removal asserted that the Court has original jurisdiction over Plaintiff's claims under Title VII and the FMLA, pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's NJLAD and other state law claims.. Notice of Removal, D.E. 1, ¶¶ 6-10. Additionally, Defendants asserted that this Court has supplemental jurisdiction regarding Plaintiff's claims under NJLAD and NJFLA pursuant to 28 U.S.C. § 1367. Id. ¶¶ 9-10.

On October 17, 2016 Plaintiff filed a Second Amended Complaint pursuant to Fed. R. Civ. Pro. 15(a)(1)(b). Sec. Am. Compl., D.E. 8. The Second Amended Complaint excluded the federal causes of action, and pled only New Jersey statutory claims under NJLAD and NJFLA, and one common law claim for intentional infliction of emotional distress. Id. Also on October 17, 2016, Plaintiff moved to remand this action to state court. Plaintiff argues that no federal claims remain in the Second Amended Complaint, New Jersey Superior Court is therefore the appropriate venue for this case. Mot. to Remand, D.E. 9.

In opposition, Defendants filed a one-paragraph letter, merely indicating that Defendants do "not agree that removal of the federal claims divests this Court of subject matter jurisdiction (as

---

[1] Specifically, Plaintiff alleges that he worked for Defendant Life Time Fitness, a health club with approximately 119 centers, as a Member Engagement Advisor, which involved "selling new gym memberships while also maintaining relationships with existing fitness center clients." First Amended Compl., D.E. 1, ¶¶2-3. Plaintiff alleges that his fellow employee and domestic partner, Rani Houlis, reported that a General Manager of a Life Time Fitness location had sexually harassed multiple subordinates in the work place. Id. ¶¶4-10. Plaintiff alleges that Houlis's report of Russo's misconduct resulted in Houlis's termination from Life Time Fitness in May 2014. Id. Houlis thereafter filed an employment discrimination lawsuit against Life Time Fitness in July 2014. Id. at ¶ 5. Plaintiff alleges that because he was known to be involved in a romantic relationship with Houlis, management retaliated against him by first denying him a promotion, and then ultimately in May 2015, terminating Plaintiff from his position. Id. ¶¶15-37.

the Court may, in its discretion, choose to exercise supplemental jurisdiction over the state law claims), but defers to the Court's decision on the motion to remand in the sound discretion of the Court." Defs.' Ltr., Nov. 7, 2016, D.E. 13.

### III. Discussion

As an initial matter, the Court notes that a decision to remand is dispositive. In re U.S. Healthcare, 159 F.3d 142, 146 (3d Cir. 1998). Accordingly, the Court makes the following Report and Recommendation to the Honorable Madeline C. Arleo, United States District Judge.

Removal of a civil case to a federal court is governed by 28 U.S.C. § 1441, which permits defendants to remove a civil action in state court to a federal court where the action could have been filed in federal court originally; that is, where the federal court has subject matter jurisdiction over the action. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). District courts have federal question subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order for a claim to arise under federal law, the "well-pleaded complaint" must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of substantial question of federal law." Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983). Additionally, when a district court has original jurisdiction over a civil claim, the Court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

In determining whether an action should be remanded to state court from which it has been removed, "a district court must focus on the operative complaint at the time the petition for removal was filed." Collins v. Stevens Institute of Technology, 2016 WL 4579973 at *2 (D.N.J. 2016)

(emphasis in original).   In this case, it is readily apparent that the District Court had federal question jurisdiction over Plaintiff's First Amended Complaint, the operative complaint at the time of removal, because the claims under Title VII and FMLA arose under federal law.  28 U.S.C. § 1331.   Furthermore, because all other claims in Plaintiff's First Amended Complaint stemmed from the same "common nucleus of operative fact" as the federal claims, the district court had supplemental jurisdiction over the state and common law claims in Plaintiff's First Amended Complaint.  Lyon v. Whisman, 45 F.3d 758, 760 (3d Cir. 1995).

It is undisputed that the operative complaint, at the time the notice of removal was filed, conferred original jurisdiction upon this court.  However, district courts may decline to exercise supplemental jurisdiction if all claims over which it had original jurisdiction, in this case the Title VII and FMLA claims, have been eliminated.  28 U.S.C. § 1367(c)(3).  The Supreme Court of the United States has instructed that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered …judicial economy, convenience, fairness, and comity…will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988); see also Kalick v. United States, 35 F. Supp. 3d 639, 649 (D.N.J. 2014) (finding that "[a]bsent extraordinary circumstances, jurisdiction [over plaintiff's state law claims] should be declined where the federal claims are no longer viable." (alteration in original) (internal quotation marks omitted)); see also Moran v. Northwest Essex Community Healthcare Network Inc., 2012 WL 1354591 at *3 (D.N.J 2012) (declining to exercise supplemental jurisdiction over a state court matter after dismissing all federal claims because "[j]udicial economy dictates that there is no significant interest served by keeping this matter in federal court").  The Third Circuit has instructed that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by

4

procuring for them a surer-footed reading of applicable law" by allowing the case to be heard in state court. Shaffer v. Bd. of Sch. Directors of Albert Gallatin Area Sch. Dist., 730 F.2d 910, 913 (3d Cir. 1984) (quoting United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966)).

In this case, it is clear to the Court that judicial economy, convenience, fairness, and comity favor remanding this case. First, this action is still in its nascent stages. There has been no initial scheduling conference and no scheduling order has yet issued. See Fortney v. Rutgers 2016 WL 3456918 at *5 (D.N.J. 2015) (finding remand appropriate after the plaintiff had amended his complaint to eliminate his sole federal claim and when discovery had not yet reached the expert discovery stage). Indeed, the Third Circuit has found it appropriate to decline to exercise supplemental jurisdiction even in more advanced stages of litigation. See, e.g., Yue Yu v. McGrath, 597 F. App'x 62, 68 (3d Cir. 2014) (concluding that the District Court did not err in its decision to decline to exercise supplemental jurisdiction over remaining claims after granting summary judgment on all federal claims); Burnsworth v. PC Lab., 364 F. App'x 772, 776 (3d Cir. 2010) (same). Furthermore, Defendants have articulated no reason which would weigh against remand. They identify no prejudice that either they or the administration of justice would suffer upon remand, and instead defer to the Court. Defs.' Ltr., Nov 7, 2016, D.E. 13. Accordingly, Defendants have not raised, nor has the Court identified, any concerns which would compromise "judicial economy, convenience, fairness, [or] comity" that would arise upon remand. Accordingly, the Undersigned concludes that remand is proper. See Carnegie-Mellon Univ, 484 U.S. at 350 n.7.

## IV. <u>Conclusion</u>

For the reasons above, the Undersigned respectfully recommends that the District Court grant Plaintiff's motion to remand [D.E. 9], and remand this matter to the Superior Court of New Jersey. The parties have fourteen days to file and serve objections to this Report and Recommendation pursuant to 28 U.S.C. §636 and L. Civ. R. 71.1(c)(2).

*s/ Michael A. Hammer*_____
**United States Magistrate Judge**

Dated: December 8, 2016